**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARY DUPUIE-JARBO,

    Plaintiff,

v.                                                               Case No. 10-10548

TWENTY-EIGHTH DISTRICT COURT, and
JAMES A. KANDREVAS,

    Defendants.

                                                 /

**ORDER DENYING IN PART PLAINTIFF'S "MOTION TO COMPEL AND FOR
DISCOVERY SANCTIONS" AND DIRECTING DEFENDANTS TO PRODUCE
DOCUMENTS FOR IN CAMERA REVIEW**

Pending before the court is Plaintiff's "Motion to Compel and for Discovery Sanctions," filed on May 6, 2010. Plaintiff's complaint alleges that the Defendants improperly denied her promotions and fired her. She claims that this unfair treatment was motivated by Defendant James A. Kandrevas's political grudge against her son. In this motion, Plaintiff seeks compelled production of personnel files for individuals who were hired instead of her, and she asks the court to order Defendants to respond to her second set of interrogatories and requests. Defendants admit that the failure to respond to the second discovery requests and interrogatories was due to "inadvertan[tly]" overlooking the discovery requests. In their response, filed on May 14, 2010, Defendants indicated that they would respond to the second set of discovery requests on or before May 21, 2010. (Defs.' Resp. ¶ 7.) This portion of Plaintiff's motion is therefore uncontested, so the court will only address the production of the personnel files.

On January 20, 2010, Plaintiff requested discovery of the personnel files of individuals that were hired instead of her. Eventually, after negotiating a stipulated protective order, Defendants produced the personnel files. According to Plaintiff, the production is inadequate because Defendants redacted information concerning the employees' criminal history before producing the materials. Plaintiff maintains that this information is relevant to her case because it will demonstrate the individuals hired instead of her were less qualified and ineligible to work for the court. Defendants respond that they redacted the criminal history materials "due to privacy concerns presented by state law." (Defs.' Resp. ¶ 15.) Defendants also asked Plaintiff to agree to stipulating to an *in camera* inspection of the documents to ensure that state law would not be violated by production of the documents. Plaintiff suggests that the stipulated protective order[1] allows the non-redacted documents to be produced without violating privacy laws. The court finds that *in camera* inspection and comparison of the non-redacted documents with the redacted documents produced by Defendants would be appropriate to consider the personnel files' relevance and whether their production in non-redacted form would violate state law. Accordingly,

IT IS ORDERED that Plaintiff's motion to compel [Dkt. # 14] is DENIED IN PART and is GRANTED IN PART. It is denied in part in that Plaintiff's request for sanctions is rejected and the court will not, at this time, order Defendants to produce the contested

---

[1] The court reminds the parties that their stipulated protective order has not been filed. Court staff informed the parties that their order could not be filed because it contained language that was inconsistent with the court's electronic filing procedures. Accordingly, if the parties wish to have their stipulated order filed, they must resubmit a corrected version.

materials to Plaintiff. It is granted in part in that the court will order Defendants to produce the contested materials for *in camera* review.

IT IS FURTHER ORDERED that Defendants are DIRECTED TO produce to the court for an *in camera* inspection the non-redacted and redacted personnel files on or before **June 17, 2010**.

                                    s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE

Dated: June 4, 2010


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 4, 2010, by electronic and/or ordinary mail.

                                    s/Lisa G. Wagner
                                    Case Manager and Deputy Clerk
                                    (313) 234-5522