**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARY DUPUIE-JARBO,

      Plaintiff,

v.                                                                 Case No. 10-10548

TWENTY-EIGHTH DISTRICT COURT, and
JAMES A. KANDREVAS,

      Defendants.
                                               /

**OPINION AND ORDER DIRECTING DEFENDANTS TO PRODUCE DOCUMENTS**

On January 15, 2010, Plaintiff made a discovery request for all personnel files relating to individuals who were hired for or promoted to employment positions that Plaintiff claims she was unfairly denied. (Plaintiff's Mot. to Compel Ex. A 4-5.) Defendants claimed that certain materials should not be produced or that they should be redacted because production would violate state and federal privacy laws. On May 6, 2010, Plaintiff filed a motion to compel. On June 4, 2010, the court ordered Defendants to produce both redacted and non-redacted copies of the personnel files for an *in camera* inspection. Defendants produced the files to the court on June 15, 2010.

Having reviewed the submissions, the court finds that much of the discovery materials should be produced. Aside from numerous redactions, Defendants also omitted entire reports of employees' criminal history obtained from Michigan's Law Enforcement Information Network ("LEIN"), driver's license reports generated by the Michigan Secretary of State, and Michigan Court Judicial Data Warehouse reports.

"[T]he burden of establishing the existence of [a] privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir.1999). Here, Defendants have not come forward with sufficient evidence demonstrating that it may properly withhold the relevant materials it redacted or omitted.

### I. REDACTED MATERIAL

Defendants produced materials but with proposed redaction of substantial amounts of text, including employees' health histories, medical information, birthdays, home addresses, home addresses of family members, home phone numbers, emergency contact phone numbers, social security numbers, driver's license numbers, physical attributes, personal email addresses, dependents, maiden names, and insurance information.

Rule 5.2 of the Federal Rules of Civil Procedure specifically lists redaction procedures for several types of information: social-security numbers, taxpayer-identification numbers, birth dates, names of minor children, and financial-account numbers. Fed. R. Civ. P. 5.2(a). Much of the material redacted by Defendants is listed in Rule 5.2(a). And while Rule 5.2 deals with filing these materials on a public docket, the court will to allow Defendants to redact the materials listed in the rule in light of the fact that these items appear to be irrelevant to Plaintiff's claims.

Defendants also claim that some information in the personnel files may be protected by the Health Insurance Portability and Accountability Act (HIPAA) of 1996. In the personnel files, there is general information about employees' health in administrative memorandums and employee medical records. HIPAA states that a covered entity may not disclose an individual's "protected health information." 45 C.F.R.

§ 164.502(a). A "covered entity" is (1) a health plan; (2) a health care clearinghouse; or (3) a health care provider. 45 C.F.R. § 160.103. The 28th District Court does not meet the definition of a covered entity, and thus the health-related materials in the personnel files do not fall under HIPAA in this case. Moreover, when medical records are material to a plaintiff's claim, federal courts have ordered their production. *See Cessante v. City of Pontiac*, No. 07-CV-15250, 2009 WL 973339, at * 5 (E.D. Mich. Apr. 9, 2009). Here, the medical records could bear on a comparable employee's tendency to malinger or an employee's record of absenteeism, so the court will order the production of the medical history materials.

## II. OMITTED DOCUMENTS

Defendant argues that it rightly withheld the production of criminal history materials because it would be a state crime to produce them. Specifically, Defendants withheld reports obtained from LEIN, from the Michigan Secretary of State, and from the Michigan Court Data Judicial Warehouse. Defendants cite a Michigan statute which prevents the private use of criminal justice information in many circumstances:

> (3) A person shall not access, use, or disclose nonpublic information[1] governed under this act for personal use or gain.
>
> (5) A person shall not disclose information governed under this act in a manner that is *not authorized by law or rule*.
>
> (6) A person who intentionally violates subsection (3) or (5) is guilty of a crime . . . .

Mich. Comp. Laws 28.214 (emphasis added).

---

[1] "Nonpublic information": information to which access, use, or dissemination is restricted by a law or rule of this state or the United States. Mich. Comp. Laws 28.211a(b).

3

An important caveat to Michigan's statute is that information from criminal justice information systems may be disclosed when authorized by law or rule. Mich. Comp. Laws 28.214(5) (2004). The criminal records here are relevant to Plaintiff's claims because they have the potential to demonstrate that comparable employees had criminal histories which made them less suited, or even completely unsuited, for the positions that Plaintiff claims she was unfairly denied. Under Federal Rule of Civil Procedure 26(b)(1) the court has the authority to compel the production of these relevant materials. So the Defendants' production of the criminal history reports would be "authorized by . . . rule" and it would not be a crime under Mich. Comp. Laws 28.214 for Defendants to produce them. *But cf. People v. Elkhoja*, 651 N.W.2d 408 (Mich. Ct. App. 2002) (Sawyer, J., dissenting) (reasoning adopted by Michigan Supreme Court in *People v. Elkhoja*, 658 N.W.2d 153 (Mich. 2003)) (production not authorized by rule under § 28.214(5) because court does not have power *to order the government to perform* a LEIN search). Accordingly, the court will order Defendants to produce the criminal history reports from LEIN, the driver's license reports from the Michigan Secretary of State, and the reports from the Michigan Court Data Judicial Warehouse.

Moreover, the driver's license reports from the Michigan Secretary of State are available to the public. *See Requesting Another Person's Record*, Michigan Secretary of State, http://www.michigan.gov/sos/0,1607,7-127-1627_8996-107648--,00.html (last visited 6/21/2010). Since access to driver's license reports is public, the reports do not qualify as "nonpublic information," and it would not be against Michigan law for Defendant to disclose them during the discovery process.

Nevertheless, because much of the information in these personnel files are sensitive and implicate the privacy of third parties, the court will limit access to the documents to the attorneys representing the parties.

### III. CONCLUSION

IT IS ORDERED that Defendants are DIRECTED to produce, on or before **July 21, 2010**, to the Plaintiff the nonredacted copies of the documents that it produced to the court, except that they may redact the items specifically listed in Federal Rule of Civil Procedure 5.2(a).

IT IS FURTHER ORDERED that access to these documents shall be limited to the attorneys representing the parties in this case.  This limitation may be amended in a later order of the court.

                                            s/Robert H. Cleland  
                                            ROBERT H. CLELAND  
                                            UNITED STATES DISTRICT JUDGE

Dated:  July 14, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 14, 2010, by electronic and/or ordinary mail.

                                            s/Lisa G. Wagner  
                                            Case Manager and Deputy Clerk  
                                            (313) 234-5522