**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARY DUPUIE-JARBO,

    Plaintiff,

v.                                            Case No. 10-10548

TWENTY-EIGHTH DISTRICT COURT, and
JAMES A. KANDREVAS,

    Defendants.
                                         /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND EXTEND DISCOVERY**

Pending before the court is Plaintiff's "Motion [to] Compel Depositions [and for] Order Extending Discovery," filed on July 2, 2010. In the motion, Plaintiff asks the court to compel certain depositions and to extend discovery by thirty days. Defendants responded on July 7, 2010, and Plaintiff replied on July 9, 2010. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will compel the depositions but it will not extend discovery.

Plaintiff properly noticed the depositions of two third parties, James Gibbs and Mrs. James Kandrevas, for June 29, 2010. On the day of the deposition, counsel for Defendants informed Plaintiff that they were "canceling" the depositions of the third-party deponents "in light of the service of the Judicial Tenure Commission Request for Investigation," which was received by Defendant Judge Kandrevas the day before.

Plaintiff argues that there is no authority supporting Defendant's decision to cancel unilaterally the depositions. Indeed, defense counsel points to no authority, and

the court is aware of none, authorizing them to cancel a properly noticed deposition of a third party whom they do not represent. In their response, Defendants argue that they acted to protect the third-party deponents' "rights and privileges." (Defs.' Resp. 2.) While this good-Samaritan motive may be admirable, it does not empower Defendants to stall Plaintiff's discovery. The deponents are not parties to this case; they are not represented by any of the attorneys in this case; and they have not filed motions to quash Plaintiff's subpoenas. There is therefore no reason for Defendants to object to their depositions. Accordingly, the court will direct Plaintiff's counsel to reschedule the depositions for a time that is convenient to Plaintiff's counsel. The court expects defense counsel to accommodate whatever date Plaintiff selects.

Furthermore, because Defendants did not have a substantial justification for opposing the depositions, the court will award the costs, expenses, and attorneys fees caused by the rescheduling of the depositions and the filing of this motion. *See* Fed. R. Civ. P. 37(a)(5)(A). Plaintiff should note, however, that the expenses incurred in preparing for the depositions should not be included in this award, because those expenses will not have been wasted once the depositions occur.

Plaintiff also argues that a thirty-day extension of discovery is necessary because of the delay occasioned by the cancellation. Plaintiff suggests that should she discover any new areas of exploration when she conducts the delayed depositions, she may not have enough time to conduct discovery on the new subjects. But until this problem actually appears, there is no reason to extend discovery. Moreover, the court is amenable to shortening the times that a party has to respond to discovery requests to allow the parties to finish discovery before its scheduled close. Accordingly,

IT IS ORDERED that Plaintiff's "Motion Compel Depositions, Order Extending Discovery" [Dkt. # 19] is GRANTED IN PART and DENIED IN PART. It is GRANTED in that the court will compel the depositions of James Gibbs and Mrs. James Kandrevas. It is DENIED in that the court will not extend the discovery deadline.

IT IS FURTHER ORDERED that expenses, costs, and attorneys fees are AWARDED against Defendants and to Plaintiff in an amount equal to Plaintiff's expenses, costs, and attorneys fees caused by the cancellation of the depositions and the filing of this motion. Plaintiff shall file, on or before **July 27, 2010,** an affidavit detailing these expenses, costs, and fees. The court will then enter a separate judgment awarding them.

                          s/Robert H. Cleland
                          ROBERT H. CLELAND
                          UNITED STATES DISTRICT JUDGE

Dated: July 21, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 21, 2010, by electronic and/or ordinary mail.

                          s/Lisa G. Wagner
                          Case Manager and Deputy Clerk
                          (313) 234-5522